FILED
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JUL 01 2019

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

**TAUSHA HUMPHREY, Individually and on
Behalf of All Others Similarly Situated**                    **PLAINTIFF**

v.                          No. 4:19-cv-464 - SWW

**CHUY'S OPCO, INC.** This case assigned to District Judge Wright         **DEFENDANT**
and to Magistrate Judge Deere

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Tausha Humphrey ("Plaintiff"), individually and on behalf of

all others similarly situated, by and through her attorneys Blake Hoyt and Josh Sanford

of Sanford Law Firm, PLLC, and for her Original Complaint—Collective Action against

Defendant Chuy's Opco, Inc. ("Defendant"), states and alleges as follows:

### I.       PRELIMINARY STATEMENTS

1.       This is a collective action brought by Plaintiff Tausha Humphrey, individually

and on behalf of all other similarly situated salaried Assistant Managers who are or were

employed by Defendant at any time within the three year period preceding the filing of

this Complaint against Defendant for violations of the overtime provisions of the Fair

Labor Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA"), and the Arkansas Minimum

Wage Act, Ark. Code Ann. § 11-4-201, et seq. (the "AMWA").

2.       Plaintiff brings this action under the FLSA and the AMWA for declaratory

judgment, monetary damages, liquidated damages, prejudgment interest, and costs,

including a reasonable attorney's fee, as a result of Defendant's failure to pay Plaintiff

and other salaried Assistant Managers proper overtime compensation for hours worked in excess of forty (40) hours per week.

3.      Upon reasonable information and belief, for at least three years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and AMWA as described, *infra*.

## II.      JURISDICTION AND VENUE

4.      The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.      This Complaint also alleges violations of the AMWA, which arise out of the same set of operative facts as the federal FLSA cause of action alleged herein; accordingly, this state cause of action would be expected to be tried with the federal claim in a single judicial proceeding.

6.      This Court has supplemental jurisdiction over Plaintiff's AMWA claim pursuant to 28 U.S.C. § 1367(a).

7.      Defendant conducts business in this District and a substantial part of the events alleged in this Complaint occurred in this District.

8.      The acts complained of in this Complaint were committed and had their principal effect against Plaintiff within the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

9.      Upon reasonable information and belief, the witnesses to overtime wage violations alleged in this Complaint reside in this District.

10.     Upon reasonable information and belief, the employment and payroll records and other documents related to the payroll practices that Plaintiff challenges are located within this District.

## III.     THE PARTIES

11.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

12.     Tausha Humphrey is an individual and resident of Pulaski County.

13.     Defendant Chuy's Opco, Inc., is a foreign, for-profit corporation registered to do business in the State of Arkansas and may receive service of process through its registered agent The Corporation Service Company at 300 South Spring Street, Suite 900, Little Rock, Arkansas 72201.

14.     Defendant directly operates Chuy's brand Tex-Mex restaurants in Alabama, Arkansas, Colorado, Florida, Illinois, Indiana, Kansas, Kentucky, Louisiana, Maryland, Missouri, North Carolina, Ohio, Oklahoma, South Carolina, Tennessee, Texas and Virginia.

15.     Defendant maintains a website at https://www.chuys.com/.

## IV.     FACTUAL ALLEGATIONS

16.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated herein.

17.     Defendant was at all relevant times Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

18.     During each of the three calendar years preceding the filing of the Original Complaint in this case, Defendant's annual dollar volume of sales or business done was

at least $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

19.    During each of the three calendar years preceding the filing of the Original Complaint in this case, Defendant had at least two employees engaged in commerce or in the production of goods for commerce, or had at least two employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as office supplies and equipment, tables, chairs, commercial kitchen equipment, registers, beverages and food.

20.    Defendant employed at least four employees during each of the three calendar years preceding the filing of the Original Complaint.

21.    Defendant employed Plaintiff to work at its restaurant locations both in Little Rock and in North Little Rock.

22.    Defendant employed Plaintiff as a salaried Assistant Manager from approximately November of 2018 until April of 2019.

23.    During the period relevant to this lawsuit, Defendant classified Plaintiff as a salaried employee exempt from the overtime requirements of the FLSA and the AMWA.

24.    Because Defendant classified Plaintiff as exempt from overtime, Defendant did not pay Plaintiff any overtime premiums for her hours worked in excess of forty (40) in any workweek.

25.    The work Plaintiff was tasked to perform regularly and usually required Plaintiff to work over forty (40) hours per workweek.

26.    During her time as an Assistant Manager, Plaintiff typically worked fifty (50) or more hours per week.

27.    Management at Chuy's knew that Plaintiff worked more than forty (40) hours per week.

28.    Plaintiff's primary job duties did not require any special training regarding human resources tasks such as hiring and firing.

29.    Defendant maintained a single corporate office 1623 Toomey Road Austin, Texas 78704.

30.    Upon information and belief, within Defendant's corporate office, Defendant maintained a single human resources department.

31.    Plaintiff did not have authority to hire or fire anyone.

32.    Plaintiff did not have authority to promote or demote anyone

33.    Plaintiff did not manage other employees' schedules.

34.    Throughout Plaintiff's tenure as Defendant's employee, Plaintiff observed other employees working in the same position and paid in the same manner.

## V.    REPRESENTATIVE ACTION ALLEGATIONS

35.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

36.    At all relevant times, Defendant employed individuals other than Plaintiff as Assistant Managers.

37.    Defendant classified other Assistant Managers as exempt from the overtime requirements of the FLSA.

38.    Defendant paid other Assistant Managers on a salary basis.

39.    During the relevant time, Defendant paid no overtime premiums to Assistant Managers who were paid on a salary basis.

40.    Plaintiff brings her claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

41.    Plaintiff brings her FLSA claims on behalf of all of Defendant's employees who were classified as exempt from the overtime requirements of the FLSA and paid a salary by Defendant at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.    A lawful overtime premium for all hours worked in excess of forty (40) in any given work week; and

B.    Liquidated damages and a reasonable attorney's fee and costs.

42.    In conformity with the requirements of FLSA Section 16(b), Plaintiff has attached hereto as Exhibit "A" her written Consent to Join this lawsuit.

43.    The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

44.    The members of the proposed FLSA Collective are similarly situated in that they share these traits: they were subject to Defendant's common policy of misclassifying employees as exempt from the overtime provisions of the FLSA and paying a salary with no overtime premium.

45.    Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believes that the group exceeds 200 persons.

46.    In the modern era, most working-class Americans have become increasingly reliant on email and text messages, and generally use them just as often, if not more so, than traditional U.S. Mail.

47.    Defendant can readily identify the members of the Section 216(b) Collective.  The names and physical addresses, email addresses and phone numbers of the FLSA collective action plaintiffs are available from Defendant.

48.    At all relevant times, Defendant directly hired members of the Collective Action Class to work in restaurants, paid them wages, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

49.    Upon information and belief, each member of the Collective Action Class regularly engaged in interstate commerce by processing credit card transactions, speaking to customers and other employees by telephone, utilizing the internet for work-related tasks, and utilizing goods and equipment created for and used in the stream of commerce.

## VI.     FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

50.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

51.    Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

52.    At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

53.    At all relevant times, Defendant was an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

54.    29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and

to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

55.     At all times relevant to this Complaint, Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA, when in fact Plaintiff was a non-exempt employee entitled to overtime pay.

56.     Despite the entitlement of Plaintiff to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of one and one-half (1.5) times her regular rate of pay for all hours worked over forty (40) in each one-week period.

57.     Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

58.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs, including a reasonable attorney's fee, as provided by the FLSA, plus periods of equitable tolling.

59.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.     SECOND CAUSE OF ACTION
### (Individual Claim for Violation of the AMWA)

60.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

61.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq.*

62.    At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

63.    Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

64.    At all times relevant to this Complaint, Defendant misclassified Plaintiff as exempt from the overtime requirements of the AMWA, when in fact Plaintiff was a non-exempt employee entitled to overtime pay.

65.    Despite the entitlement of Plaintiff to minimum wage and overtime payments under the AMWA, Defendant failed to pay Plaintiff an overtime rate of one and one-half (1.5) times her regular rate of pay for all hours worked over forty (40) in each one-week period.

66.    Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

67.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs, including a reasonable attorney's fee, as provided by the AMWA, plus periods of equitable tolling.

68.    Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.    THIRD CAUSE OF ACTION

### (Collective Action Claim for Violation of the FLSA)

69.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

70.    Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

71.    At all relevant times, Defendant has been an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

72.    Defendant classified Plaintiff and all similarly situated Assistant Managers as exempt from the overtime requirements of the FLSA, when in fact they were non-exempt employees entitled to overtime pay.

73.    Despite the entitlement of Plaintiff and those similarly situated to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff and all those similarly situated an overtime rate of one and one-half (1.5) times their regular rates of pay for all hours worked over forty (40) in each one-week period.

74.    Because these employees are similarly situated to Plaintiff, and are owed lawful overtime compensation for the same reasons, the proposed collective is properly defined as follows:

**All salaried Assistant Managers employed during
the three years preceding the filing of this lawsuit.**

75.    Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

76.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including a reasonable attorney's fee, as provided by the FLSA, plus periods of equitable tolling.

77.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## IX.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Tausha Humphrey, individually and on behalf of all others similarly situated, respectfully prays as follows:

A.     That Defendant be summoned to appear and answer this Complaint;

B.     That Defendant be required to account to Plaintiff, the collective, and the Court for all of the hours worked by Plaintiff and the collective and all monies paid to them;

C.     A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

D.     A declaratory judgment that Defendant's practices alleged herein violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

E.     Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

·      F.      Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

G.      Judgment for damages for all unpaid overtime compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

H.      Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the collective during the applicable statutory period;

I.      Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the relating regulations;

J.      An order directing Defendant to pay Plaintiff and members of the collective prejudgment interest, a reasonable attorney's fee and all costs of the action; and

K.      Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**TAUSHA HUMPHREY, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Blake Hoyt
Ark. Bar No. 2014252
blake@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com