# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

TAUSHA HUMPHREY, individually and on behalf
of all others similarly situated,

        Plaintiff,

    v.

CHUY'S OPCO, INC.,

        Defendant.

Case No. 4:19-cv-464-KGB

# DEFENDANT'S ANSWER TO
# PLAINTIFF'S ORIGINAL COMPLAINT

J. BRUCE CROSS
GREGORY J. NORTHEN
CROSS, GUNTER, WITHERSPOON &
  GALCHUS, P.C.
500 President Clinton Avenue, Suite 200
Little Rock, Arkansas 72201
Tel:  501-371-9999
Fax:  501-371-0035
bcross@cgwg.com
gnorthen@cgwg.com

PAUL DECAMP
  Admission *pro hac vice* anticipated
MAXINE A. ADAMS
  Admission *pro hac vice* anticipated
EPSTEIN, BECKER & GREEN, P.C.
1227 25th Street, N.W., Suite 700
Washington, D.C.  20037
Tel:   202-861-0900
Fax:  202-861-3571
PDeCamp@ebglaw.com
MAdams@ebglaw.com

*Counsel for Defendant*

Defendant Chuy's Opco, Inc. ("Chuy's") hereby submits this Answer to Plaintiff's Original Complaint—Collective Action (the "Complaint") (ECF No. 1).  Chuy's denies or reserves the right to challenge any assertion in the Complaint not expressly admitted in this Answer.  With respect to matters in this Answer that may constitute a legal defense, Chuy's reserves the right to argue that Plaintiff bears the burden of proof as to some or all of those matters.  Items in italics below denote matter quoted from the Complaint.

## I. PRELIMINARY STATEMENTS

*1.      This is a collective action brought by Plaintiff Tausha Humphrey, individually and on behalf of all other similarly situated salaried Assistant Managers who are or were employed by Defendant at any time within the three year period preceding the filing of this Complaint against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, et seq. (the "AMWA").*

**Response:**     Chuy's admits the allegations in Paragraph 1 of the Complaint that Plaintiff purports to bring the action as described.  Chuy's denies that the case is appropriate for collective action treatment or that it owes Plaintiff or anyone else any wages or other relief, and denies the remaining allegations in Paragraph 1.

*2.      Plaintiff brings this action under the FLSA and the AMWA for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including a reasonable attorney's fee, as a result of Defendant's failure to pay Plaintiff and other salaried Assistant Managers proper overtime compensation for hours worked in excess of forty (40) hours per week.*

**Response:**     Chuy's admits the allegations in Paragraph 2 of the Complaint that Plaintiff purports to bring the action as described.  Chuy's denies that the case is appropriate for collective action treatment, that it owes Plaintiff or anyone else any wages or other relief, or that Plaintiff has standing to seek declaratory relief, and denies the remaining allegations in Paragraph 2.

3.     *Upon reasonable information and belief, for at least three years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described,* infra.

**Response:**     Chuy's denies the allegations in Paragraph 3 of the Complaint.

## II.  JURISDICTION AND VENUE

4.     *The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.*

**Response:**     Chuy's admits the allegation in Paragraph 4 of the Complaint that this Court has federal question subject matter jurisdiction over this action.

5.     *This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal FLSA cause of action alleged herein; accordingly, this state cause of action would be expected to be tried with the federal claim in a single judicial proceeding.*

**Response:**     Chuy's admits the allegations in Paragraph 5 of the Complaint.

6.     *This Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).*

**Response:**     Chuy's denies the allegations in Paragraph 6 of the Complaint.

7.      *Defendant conducts business in this District and a substantial part of the events alleged in this Complaint occurred in this District.*

**Response:**      Chuy's admits the allegations in Paragraph 7 of the Complaint that it conducts business in this District and that the allegations pertaining to Plaintiff concern conduct alleged to have occurred in this District.  Chuy's denies that it is subject to general jurisdiction in Arkansas or in this District, that personal jurisdiction exists in this Court to hear claims by potential members of the FLSA collective who worked outside of Arkansas, or that venue is proper in this Court with respect to claims by potential members of the FLSA collective who worked outside of this District.

8.      *The acts complained of in this Complaint were committed and had their principal effect against Plaintiff within the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.*

**Response:**      Chuy's admits the allegation in Paragraph 8 of the Complaint that venue is proper in this Court as to Plaintiff's individual claims, but denies the occurrence of the acts alleged in the Complaint or that venue in this Court is proper as to the claims of any individual who did not work for Chuy's in this District.

9.      *Upon reasonable information and belief, the witnesses to overtime wage violations alleged in this Complaint reside in this District.*

**Response:**      Chuy's lacks information regarding the residence of unnamed witnesses to alleged conduct that Chuy's contends did not occur in the first place, and on that basis Chuy's denies the allegations in Paragraph 9 of the Complaint.

10.     *Upon reasonable information and belief, the employment and payroll records and other documents related to the payroll practices that Plaintiff challenges are located within this District.*

**Response:**     Chuy's admits the allegation in Paragraph 10 of the Complaint that some of the employment and payroll records and other documents pertinent to Plaintiff's individual claims are located within this District, though other records are not located within this District. Chuy's denies the remaining allegations in Paragraph 10.

### III.  THE PARTIES

11.     *Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.*

**Response:**     Chuy's incorporates all the preceding paragraphs of this Answer as if fully set forth in this section.

12.     *Tausha Humphrey is an individual and resident of Pulaski County.*

**Response:**     Chuy's admits the allegation in Paragraph 12 of the Complaint that Tausha Humphrey is an individual.  Chuy's lacks sufficient information to form a belief as to the accuracy of the allegations in Paragraph 12 concerning her residency, and on that basis denies those allegations.

13.     *Defendant Chuy's Opco, Inc. is a foreign, for-profit corporation registered to do business in the State of Arkansas and may receive service of process through its registered agent The Corporation Service Company at 300 South Spring Street, Suite 900, Little Rock, Arkansas 72201.*

**Response:**     Chuy's does not dispute the adequacy of service of the Complaint.

4

14.     Defendant directly operates Chuy's brand Tex-Mex restaurants in Alabama, Arkansas, Colorado, Florida, Illinois, Indiana, Kansas, Kentucky, Louisiana, Maryland, Missouri, North Carolina, Ohio, Oklahoma, South Carolina, Tennessee, Texas and Virginia.

**Response:**     Chuy's admits the allegations in Paragraph 14 of the Complaint and notes that it also operates in Georgia.

15.     Defendant maintains a website at https://www.chuys.com.

**Response:**     Chuy's admits the allegations in Paragraph 15 of the Complaint but notes that the allegations are irrelevant to any issue in this case.

### IV.  FACTUAL ALLEGATIONS

16.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated herein.

**Response:**     Chuy's incorporates all the preceding paragraphs of this Answer as though fully incorporated herein.

17.     Defendant was at all relevant times Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

**Response:**     Chuy's admits the allegation in Paragraph 17 of the Complaint that it employed Plaintiff during the specific dates of her employment—from approximately February 7, 2017 through approximately April 25, 2019—but not at any other time.  Chuy's admits the allegation in Paragraph 17 that at all times relevant to this case, it has been engaged in interstate commerce for purposes of FLSA coverage.  Chuy's denies the remaining allegations in Paragraph 17.

18.     During each of the three calendar years preceding the filing of the Original Complaint in this case, Defendant's annual dollar volume of sales or business done was at $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

**Response:**     Chuy's admits that it has been subject to the FLSA at all times relevant to this case.

19.     During each of the three calendar years receding the filing of the Original Complaint in this case, Defendant had at least two employees engaged in commerce or in the production of goods for commerce, or had at least two employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as office supplies and equipment, tables, chairs, commercial kitchen equipment, registers, beverages and food.

**Response:**     Chuy's admits that it has been subject to the FLSA at all times relevant to this case.

20.     Defendant employed at least four employees during each of the three calendar years preceding the filing of the Original Complaint.

**Response:**     Chuy's admits the allegations in Paragraph 20 of the Complaint.

21.     Defendant employed Plaintiff to work at its restaurant locations both in Little Rock and in North Little Rock.

**Response:**     Chuy's admits the allegations in Paragraph 21 of the Complaint.  Chuy's further states that it employed Plaintiff at its Little Rock location in an hourly capacity only, from approximately February 7, 2017 through approximately August 6, 2018, at which time Chuy's promoted Plaintiff to manager and transferred her to the North Little Rock location, where she worked until the end of her employment with Chuy's.

6

22.     *Defendant employed Plaintiff as a salaried Assistant Manager from approximately November of 2018 until April of 2019.*

**Response:**     Chuy's admits the allegation in Paragraph 22 of the Complaint that it employed Plaintiff as a salaried manager at the North Little Rock location from approximately August 6, 2018 through approximately April 25, 2019.  Before Plaintiff's time at the North Little Rock location, Chuy's paid Plaintiff on an hourly basis.  Chuy's denies the remaining allegations in Paragraph 22.

23.     *During the period relevant to this lawsuit, Defendant classified Plaintiff as a salaried employee exempt from the overtime requirements of the FLSA and the AMWA.*

**Response:**     Chuy's admits the allegations in Paragraph 23 of the Complaint that it employed Plaintiff as a salaried employee exempt from the overtime requirements of the FLSA and the AMWA during her time at the North Little Rock location, from approximately August 6, 2018 through approximately April 25, 2019.  Before Plaintiff's time at the North Little Rock location, Chuy's paid Plaintiff on an hourly basis.

24.     *Because Defendant classified Plaintiff as exempt from overtime, Defendant did not pay Plaintiff any overtime premiums for her hours worked in excess of forty (40) in any workweek.*

**Response:**     Chuy's admits the allegations in Paragraph 24 of the Complaint.

25.     *The work Plaintiff was tasked to perform regularly and usually required Plaintiff to work over forty (40) hours per workweek.*

**Response:**     Chuy's admits the allegations in Paragraph 29 of the Complaint.

26.     *During her time as an Assistant Manager, Plaintiff typically worked fifty (50) or more hours per week.*

**Response:**    Chuy's denies the allegations in Paragraph 26 of the Complaint.

27.    *Management at Chuy's knew that Plaintiff worked more than forty (40) hours per week.*

**Response:**    Chuy's admits the allegations in Paragraph 27 of the Complaint.

28.    *Plaintiff's primary job duties did not require any special training regarding human resources tasks such as hiring and firing.*

**Response:**    Chuy's denies the allegations in Paragraph 28 of the Complaint.

29.    *Defendant maintained a single corporate office 1623 Toomey Road Austin, Texas 78704.*

**Response:**    Chuy's admits that its corporate headquarters are, and at all times pertinent to this case have been, located in Austin, Texas.

30.    *Upon information and belief, within Defendant's corporate office, Defendant maintained a single human resources department.*

**Response:**    Chuy's admits the allegation in Paragraph 30 of the Complaint that it has a human resource department.

31.    *Plaintiff did not have authority to hire or fire anyone.*

**Response:**    Chuy's admits the allegation in Paragraph 31 of the Complaint that Plaintiff did not have unilateral authority to hire or fire anyone, though she did have significant input into those processes and the ability to make recommendations regarding hiring and firing that received particular weight.  Chuy's denies the remaining allegations in Paragraph 31.

32.    *Plaintiff did not have authority to promote or demote anyone.*

**Response:**    Chuy's admits the allegation in Paragraph 32 of the Complaint that Plaintiff did not have unilateral authority to promote or demote anyone, though she did have signifi-

cant input into those processes and the ability to make recommendations regarding promoting and demoting that received particular weight.  Chuy's denies the remaining allegations in Paragraph 32.

33.     *Plaintiff did not manage other employees' schedules.*

**Response:**     Chuy's denies the allegations in Paragraph 33 of the Complaint.

34.     *Throughout Plaintiff's tenure as Defendant's employee, Plaintiff observed other employees working in the same position and paid in the same manner.*

**Response:**     Chuy's denies the allegations in Paragraph 34 of the Complaint.

### V.  REPRESENTATIVE ACTION ALLEGATIONS

35.     *Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.*

**Response:**     Chuy's incorporates all the preceding paragraphs of this Answer as if fully set forth herein.

36.     *At all relevant times, Defendant employed individuals other than Plaintiff as Assistant Managers.*

**Response:**     Chuy's denies the allegations in Paragraph 36 of the Complaint.

37.     *Defendant classified other Assistant Managers as exempt from the overtime requirements of the FLSA.*

**Response:**     Chuy's denies the allegations in Paragraph 37 of the Complaint.  Specifically, Chuy's does not, and during the time relevant to this case did not, classify any employee as an "Assistant Manager."  Chuy's has a number of management positions in its restaurants, including the position Plaintiff occupied during her time at the North Little Rock location, which has the title "Third Assistant Manager."  Plaintiff specifically served in the Third Assistant Host

Manager position within that title.  Chuy's has other management roles in its restaurants, including, *inter alia*, First Assistant Manager and Second Assistant Manager.  Chuy's classifies its First Assistant Managers, Second Assistant Managers, and Third Assistant Managers, as well as other management roles in its restaurants, as exempt from the overtime requirements of the FLSA.

      *38.*    *Defendant paid other Assistant Managers on a salary basis.*

**Response:**    Chuy's denies the allegations in Paragraph 38 of the Complaint.  Specifically, Chuy's does not, and during the time relevant to this case did not, classify any employee as an "Assistant Manager."  Chuy's has a number of management positions in its restaurants, including the position Plaintiff occupied during her time at the North Little Rock location, which has the title "Third Assistant Manager."  Plaintiff specifically served in the Third Assistant Host Manager position within that title.  Chuy's has other management roles in its restaurants, including, *inter alia*, First Assistant Manager and Second Assistant Manager.  Chuy's pays its First Assistant Managers, Second Assistant Managers, and Third Assistant Managers, as well as other management roles in its restaurants, on a salary basis.

      *39.*    *During the relevant time, Defendant paid no overtime premiums to Assistant Managers who were paid on a salary basis.*

**Response:**    Chuy's denies the allegations in Paragraph 39 of the Complaint.  Specifically, Chuy's does not, and during the time relevant to this case did not, classify any employee as an "Assistant Manager."  Chuy's has a number of management positions in its restaurants, including the position Plaintiff occupied during her time at the North Little Rock location, which has the title "Third Assistant Manager."  Plaintiff specifically served in the Third Assistant Host Manager position within that title.  Chuy's has other management roles in its restaurants, including, *inter alia*, First Assistant Manager and Second Assistant Manager.  Chuy's pays its First As-

sistant Managers, Second Assistant Managers, and Third Assistant Managers, as well as other management roles in its restaurants, on a salary basis and does not provide them premium overtime pay.

40.     *Plaintiff brings her claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).*

**Response:**     Chuy's admits the allegation in Paragraph 40 of the Complaint that Plaintiff purports to bring this case as described, but denies that the case is appropriate for treatment as a collective action or that Plaintiff or any other party is entitled to any relief.

41.     *Plaintiff brings her FLSA claims on behalf of all of Defendant's employees who were classified as exempt from the overtime requirements of the FLSA and paid a salary by Defendant at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:*

A.     *A lawful overtime premium for all hours worked in excess of forty (40) in any given work week; and*

B.     *Liquidated damages and a reasonable attorney's fee and costs.*

**Response:**     Chuy's denies the allegations in Paragraph 41 of the Complaint, including subparts A and B.  By its terms, Paragraph 41 contemplates a collective consisting of either (1) every salaried exempt employee at Chuy's, including the company's Chief Executive Officer and other members of its senior executive team, whose exempt status is neither within the scope of the factual allegations of the Complaint nor even remotely subject to dispute; or (2) a collective consisting only of those individuals entitled to recover damages, an impermissible "fail-safe" collective whose membership the Court can evaluate only after trial on the merits.  Based

on the totality of the Complaint, however, it does not appear that Plaintiff intends to pursue either of these collectives.

42.     *In conformity with the requirements of FLSA Section 16(b), Plaintiff has attached hereto as Exhibit "A" her written Consent to Join this lawsuit.*

**Response:**     Chuy's does not dispute that Plaintiff has adequately consented to join this lawsuit.

43.     *The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).*

**Response:**     Chuy's admits that Paragraph 43 of the Complaint reflects Plaintiff's contention regarding the relevant time period for this lawsuit.  Chuy's agrees that Plaintiff accurately states the relevant time period for her individual claims under federal law if she could prove a willful violation, which Chuy's disputes.  Chuy's contends that the relevant time period for Plaintiff's FLSA claim is two years preceding the filing of this action.  Chuy's denies that Paragraph 43 correctly states the relevant time period for the claims of any individual other than Plaintiff.

44.     *The members of the proposed FLSA Collective are similarly situated in that they share these traits: they were subject to Defendant's common policy of misclassifying employees as exempt from the overtime provisions of the FLSA and paying a salary with no overtime premium.*

**Response:**     Chuy's denies the allegations of Paragraph 44 of the Complaint.

45.     *Plaintiff is unable to state the exact number of potential members of the FLSA Collective but believes that the group exceeds 200 persons.*

**Response:**     The incoherence in the Complaint regarding the collective Plaintiff seeks to represent—including some paragraphs indicating a desire to represent a group of employees holding a title Chuy's does not use, and other paragraphs suggesting that Plaintiff aspires to represent the entirety of Chuy's exempt workforce—leaves Chuy's unable to formulate a response to the allegations in Paragraph 45 of the Complaint, and on that basis Chuy's denies those allegations.

46.     *In the modern era, most working-class Americans have become increasingly reliant on email and text messages, and generally use them just as often, if not more so, than traditional U.S. Mail.*

**Response:**     Chuy's lacks information sufficient to form a belief as to the accuracy of the allegations in Paragraph 46 of the Complaint, and on that basis Chuy's denies those allegations.

47.     *Defendant can readily identify the members of the Section 216(b) Collective.  The names and physical addresses, email addresses and phone numbers of the FLSA collective action plaintiffs are available from Defendant.*

**Response:**     Chuy's denies the allegations in Paragraph 47 of the Complaint.  As previously stated, the Complaint itself is unclear regarding what group Plaintiff seeks to represent.

48.     *At all relevant times, Defendant directly hired members of the Collective Action Class to work in restaurants, paid them wages, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.*

**Response:**     To the extent that Plaintiff intends the allegations in Paragraph 48 of the Complaint to apply only to those individuals who are indisputably employees under the FLSA or

the AMWA, Chuy's admits the allegations in Paragraph 48.  To the extent that Plaintiff intends the "Collective Action Class" to include individuals whom Chuy's has not previously acknowledged as its employees, Chuy's denies the allegations in Paragraph 48.

49.     *Upon information and belief, each member of the Collective Action Class regularly engaged in interstate commerce by processing credit card transactions, speaking to customers and other employees by telephone, utilizing the internet for work-related tasks, and utilizing goods and equipment created for and used in the stream of commerce.*

**Response:**     Subject to the issue Chuy's takes with the ambiguity of the "Collective Action Class," as previously noted, Chuy's does not dispute that the FLSA applies to the individuals it has acknowledged as its employees.  Depending on what exactly Plaintiff means by the "Collective Action Class," however, Chuy's submits that some or all of those individuals are exempt from the requirement to provide premium overtime pay under the FLSA or the AMWA.

## VI.  FIRST CAUSE OF ACTION

### (Individual Claim for Violation of the FLSA)

50.     *Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.*

**Response:**     Chuy's incorporates all the preceding paragraphs of this Answer as if fully incorporated in this section.

51.     *Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201,* et seq.

**Response:**     Chuy's admits the allegation in Paragraph 51 of the Complaint that Plaintiff purports to assert claims as described, but denies that she is entitled to any relief whatsoever, and specifically denies that Plaintiff has standing to pursue declaratory relief.

14

52.     *At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.*

**Response:**     Chuy's admits the allegation in Paragraph 52 of the Complaint that it was Plaintiff's employer under the FLSA during the time that it employed her, but not at any other time.

53.     *At all relevant times, Defendant was an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.*

**Response:**     Chuy's admits the allegations in Paragraph 53 of the Complaint.

54.     *29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.*

**Response:**     Chuy's states that the FLSA and its regulations speak for themselves, and that references to minimum wage have nothing to do with this lawsuit.

55.     *At all times relevant to this Complaint, Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA, when in fact Plaintiff was a non-exempt employee entitled to overtime pay.*

**Response:**     Chuy's denies the allegations in Paragraph 55 of the Complaint.

56.     *Despite the entitlement of Plaintiff to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of one and one-half (1.5) times her regular rate of pay for all hours worked over forty (40) in each one-week period.*

**Response:**   Chuy's admits the allegation in Paragraph 56 of the Complaint that it did not provide Plaintiff with premium overtime pay, but denies that it had any obligation to do so, as Plaintiff was exempt from the FLSA's overtime requirement.   Chuy's denies the remaining allegations in Paragraph 56.

57.   *Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.*

**Response:**   Chuy's denies the allegations in Paragraph 57 of the Complaint and further states that Plaintiff has no reasonable basis in fact to make such assertions.

58.   *By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs, including a reasonable fee, as provided by the FLSA, plus periods of equitable tolling.*

**Response:**   Chuy's denies the allegations in Paragraph 58 of the Complaint.   Chuy's notes in particular that the Complaint states no basis whatsoever for equitable tolling.   Moreover, as Paragraphs 21 and 22 of the Complaint and the responses by Chuy's thereto demonstrate, Plaintiff's employment with Chuy's as a salaried manager began less than a year before she filed her Complaint.   Thus, even under the FLSA's default two-year limitations period, FLSA claims regarding the entirety of her relevant employment with Chuy's are timely.   To the extent that Plaintiff intends the reference to equitable tolling in Paragraph 58 to apply to claims by individuals other than Plaintiff who are not parties to this action, Plaintiff lacks standing to assert such claims.

59.   *Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.*

16

**Response:**     Chuy's denies the allegations in Paragraph 59 of the Complaint.

### VII.  SECOND CLAIM FOR RELIEF

### (Individual Claim for Violation of the AMWA)

60.     *Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.*

**Response:**     Chuy's incorporates all the preceding paragraphs of this Answer as though fully incorporated in this section.

61.     *Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 et seq.*

**Response:**     Chuy's admits the allegation in Paragraph 61 of the Complaint that Plaintiff purports to bring the claim as described, but denies that Plaintiff is entitled to any relief whatsoever, and specifically denies that Plaintiff has standing to pursue declaratory relief.  Chuy's denies the remaining allegations in Paragraph 61.

62.     *At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).*

**Response:**     Chuy's admits the allegation in Paragraph 62 of the Complaint that it was Plaintiff's employer under the AMWA during the time period of her employment, but at no other time.

63.     *Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.*

**Response:**     Chuy's states that Arkansas law, as well as the FLSA and its regulations, speak for themselves, and that references to minimum wage have nothing to do with this lawsuit.

64.     *At all times relevant to this Complaint, Defendant misclassified Plaintiff as exempt from the overtime requirements of the AMWA, when in fact Plaintiff was a non-exempt employee entitled to overtime pay.*

**Response:**     Chuy's denies the allegations in Paragraph 64 of the Complaint.

65.     *Despite the entitlement of Plaintiff to minimum wage and overtime payments under the AMWA, Defendant failed to pay Plaintiff an overtime rate of one and one-half (1.5) times her regular rate of pay for all hours worked over forty (40) in each one-week period.*

**Response:**     Chuy's admits the allegation in Paragraph 65 of the Complaint that it did not provide Plaintiff with premium overtime pay, but denies that it had any obligation to do so, as Plaintiff was exempt from the AMWA's overtime requirement.  Chuy's denies the remaining allegations in Paragraph 65.

66.     *Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.*

**Response:**     Chuy's denies the allegations in Paragraph 66 of the Complaint and further states that Plaintiff has no reasonable basis in fact to make such assertions.  Chuy's further notes that the allegations in Paragraph 66 are irrelevant to any issue in this case, and thus it is improper to include them in the Complaint.

67.     *By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs, including a reasonable attorney's fee, as provided by the AMWA, plus periods of equitable tolling.*

**Response:**     Chuy's denies the allegations in Paragraph 67 of the Complaint.  Chuy's notes in particular that the Complaint states no basis whatsoever for equitable tolling.  Moreover, as Paragraphs 21 and 22 of the Complaint and the responses by Chuy's thereto demonstrate, Plaintiff's employment with Chuy's as a salaried manager began less than a year before she filed her Complaint.  Thus, AMWA claims regarding the entirety of her relevant employment with Chuy's are timely.  To the extent that Plaintiff intends the reference to equitable tolling in Paragraph 67 to apply to claims by individuals other than Plaintiff who are not parties to this action, Plaintiff lacks standing to assert such claims.

68.     *Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.*

**Response:**     Chuy's denies the allegations in Paragraph 68 of the Complaint.

### VIII.  THIRD CLAIM FOR RELIEF

### (Collective Action Claim for Violation of the FLSA)

69.     *Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.*

**Response:**     Chuy's incorporates all the preceding paragraphs of this Answer as though fully incorporated in this section.

70.     *Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, et seq.*

**Response:**     Chuy's admits the allegation in Paragraph 70 of the Complaint that Plaintiff purports to bring the claim as described, but denies that the case is proper for collective action adjudication, or that Plaintiff or any other individual is entitled to any relief whatsoever, or

that Plaintiff has standing to seek declaratory relief.  Chuy's denies the remaining allegations in Paragraph 70.

71.     *At all relevant times, Defendant has been an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203(e).*

**Response:**     Chuy's admits the allegation in Paragraph 71 of the Complaint that during Plaintiff's employment with Chuy's, Chuy's was her employer under the FLSA.  Chuy's denies the remaining allegations in Paragraph 71, including specifically the allegation that there are any individuals similarly situated to Plaintiff.

72.     *Defendant classified Plaintiff and all similarly situated Assistant Managers as exempt from the overtime requirements of the FLSA, when in fact they were non-exempt employees entitled to overtime pay.*

**Response:**     Chuy's admits the allegation in Paragraph 72 of the Complaint that during Plaintiff's employment as a manager, Chuy's classified her as exempt from the overtime requirements of the FLSA.  Chuy's denies the remaining allegations of Paragraph 72, including specifically that Plaintiff was non-exempt while employed as a manager, that there are other individuals similarly situated to Plaintiff, that it employed individuals with the title of "Assistant Manager" as opposed to the specific titles noted above, or that it misclassified any employee as exempt from overtime.

73.     *Despite the entitlement of Plaintiff and those similarly situated to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff and all those similarly situated an overtime rate of one and one-half (1.5) times their regular rates of pay for all hours worked over forty (40) in each one-week period.*

**Response:**   Chuy's admits the allegation in Paragraph 73 of the Complaint that it did not provide Plaintiff with premium overtime pay, but denies that it had any obligation to do so, as Plaintiff was exempt from the FLSA's overtime requirement.  Chuy's denies the remaining allegations in Paragraph 73, including specifically that there are other individuals similarly situated to Plaintiff, that it misclassified any employee as exempt from overtime, or that this case is appropriate for collective action adjudication.

74.   *Because these employees are similarly situated to Plaintiff, and are owed lawful overtime compensation for the same reasons, the proposed collective is properly defined as follows:*

**All salaried Assistant Managers employed during the
three years preceding the filing of this lawsuit.**

**Response:**   Chuy's denies the allegations in Paragraph 74 of the Complaint.

75.   *Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.*

**Response:**   Chuy's denies the allegations in Paragraph 75 of the Complaint and further states that Plaintiff has no reasonable basis in fact to make such assertions.

76.   *By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including a reasonable attorney's fee, as provided by the FLSA, plus periods of equitable tolling.*

**Response:**   Chuy's denies the allegations in Paragraph 76 of the Complaint.  Chuy's notes in particular that the Complaint states no basis whatsoever for equitable tolling.  Moreover, as Paragraphs 21 and 22 of the Complaint and the responses by Chuy's thereto demonstrate, Plaintiff's employment with Chuy's as a salaried manager began less than a year before she filed

her Complaint.  Thus, even under the FLSA's default two-year limitations period, FLSA claims regarding the entirety of her relevant employment with Chuy's are timely.  To the extent that Plaintiff intends the reference to equitable tolling in Paragraph 76 to apply to claims by individuals other than Plaintiff who are not parties to this action, Plaintiff lacks standing to assert such claims.  Chuy's specifically denies that there are other individuals similarly situated to Plaintiff, that it misclassified any employee as exempt from overtime, or that this case is appropriate for collective action adjudication.

77.     *Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.*

**Response:**     Chuy's denies the allegations in Paragraph 77 of the Complaint.  Chuy's specifically denies that there are other individuals similarly situated to Plaintiff, that it misclassified any employee as exempt from overtime, or that this case is appropriate for collective action adjudication.

## IX.   PRAYER FOR RELIEF

*WHEREFORE, premises considered, Plaintiff Tausha Humphrey, individually and on behalf of all others similarly situated, respectfully prays as follows:*

A.     *That Defendant be summoned to appear and answer this Complaint;*

B.     *That Defendant be required to account to Plaintiff, the collective, and the Court for all of the hours worked by Plaintiff and the collective and all monies paid to them;*

C.     *A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., and attendant regulations at 29 C.F.R. § 516 et seq.;*

D.      *A declaratory judgment that Defendant's practices alleged herein violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, et seq. and the related regulations;*

E.      *Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;*

F.      *Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., and attendant regulations at 29 C.F.R. § 516 et seq.;*

G.      *Judgment for damages for all unpaid overtime compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, et seq., and the related regulations;*

H.      *Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., and attendant regulations at 29 C.F.R. § 516 et seq., in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the collective during the applicable statutory period;*

I.      *Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, et seq., and the relating* [sic] *regulations;*

J.      *An order directing Defendant to pay Plaintiff and members of the collective pre-judgment interest, a reasonable attorney's fee and all costs of the action; and*

K.      *Such other and further relief as this Court may deem just and proper.*

**Response:**      Chuy's respectfully requests that the Court determine that this case is not appropriate for collective action treatment, conclude that neither Plaintiff nor any other party is entitled to any relief from Chuy's whatsoever, enter judgment in favor of Chuy's, award Chuy's its costs of suit and such other relief as the Court deems appropriate, and dismiss this action with prejudice.

**DEFENSES**

1.     The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2.     The claims of putative members of the class and the collective are barred by the applicable statutes of limitations under the FLSA and Arkansas law to the extent that the claims involve work performed outside the pertinent limitations periods.

3.     Plaintiff was at all pertinent times exempt from the overtime requirements of the FLSA pursuant to the executive exemption set forth in FLSA section 13(a)(1), 29 U.S.C. § 213(a)(1), as implemented at 29 C.F.R. part 541, including *inter alia* 29 C.F.R. §§ 541.100-.106.

4.     Plaintiff was at all pertinent times exempt from the overtime requirements of the AMWA pursuant to the FLSA's executive exemption.

5.     In the event that the Court certifies the case as a collective action, any opt-in plaintiffs are exempt from the overtime requirements of the FLSA and the AMWA pursuant to the executive exemption.

6.     This Court lacks general jurisdiction over Chuy's under the Due Process Clause of the Fifth Amendment to the United States Constitution.  As a result, the Court lacks personal jurisdiction over Chuy's with respect to claims by any individuals relating to work for Chuy's performed outside the State of Arkansas.  Such individuals, therefore, may not receive notice of this action or participate as an opt-in plaintiff.

7.     To the extent that any current or former employee of Chuy's has signed an arbitration agreement with a class and collective action waiver covering the claims within this lawsuit, no such individual may receive notice of this action or participate as an opt-in plaintiff.

8.      Equitable tolling does not apply to this case.

9.      Plaintiff lacks standing to pursue declaratory relief.

10.     Chuy's acted in good faith and not in a willful manner, rendering the FLSA's two-year statute of limitations applicable, rather than the three-year statute that applies to willful violations.

11.     Claims under the FLSA are not subject to pre-judgment interest.  In the alternative, pre-judgment interest is not available in addition to liquidated damages.

12.     This case does not satisfy the requirements for proceeding as a collective action under the FLSA.  Plaintiff is not similarly situated to other individuals.

13.     Allowing this case to proceed on a collective basis without permitting Chuy's to pursue in discovery and to present at trial evidence and defenses specific to each member of the collective would deny Chuy's its right to Due Process under the Fifth Amendment to the United States Constitution.

14.     Chuy's properly paid Plaintiff and its other employees in compliance with the FLSA and Arkansas law.

15.     As this case is in its early stages, Chuy's reserves the right to amend this Answer to assert additional defenses that become apparent as the case progresses.

**DEMAND FOR JURY TRIAL**

Chuy's hereby demands a trial by jury with respect to all issues.

Respectfully submitted,


J. Bruce Cross
_____

J. BRUCE CROSS                              PAUL DECAMP
GREGORY J. NORTHEN                           Admission *pro hac vice* anticipated
CROSS, GUNTER, WITHERSPOON &                MAXINE A. ADAMS
   GALCHUS, P.C.                               Admission *pro hac vice* anticipated
500 President Clinton Avenue, Suite 200      EPSTEIN, BECKER & GREEN, P.C.
Little Rock, Arkansas 72201                 1227 25th Street, N.W., Suite 700
Tel:  501-371-9999                          Washington, D.C.  20037
Fax: 501-371-0035                           Tel:   202-861-0900
bcross@cgwg.com                             Fax:  202-861-3571
gnorthen@cgwg.com                           PDeCamp@ebglaw.com
                                            MAdams@ebglaw.com

*Counsel for Defendant*

July 29, 2019